UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SALON VISAGE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VISAGE SPA, LLC, ) <br> ) <br> Defendant. ) | No. 3:07-CV-4 <br> (Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's renewed motion to stay proceedings [Doc. 15]. The court denied an earlier motion filed by defendant as premature [Doc. 12]. In the renewed motion, defendant states that on February 17, 2006, it filed a trademark infringement lawsuit against plaintiff, Salon Visage and plaintiff's licensee Spa Visage, LLC in the Eastern District of Michigan, Civil Case No. 06-10756. In the Michigan lawsuit, Visage Spa alleged infringement of its federally-registered "Visage Spa" trademark, as well as trademark dilution and unfair trade practices. Following a motion to dismiss for lack of personal jurisdiction, the Michigan court dismissed the action against Salon Visage, but held that Spa Visage, LLC was subject to personal jurisdiction in Michigan. Defendant avers that the instant action involves identical issues to those raised in the Michigan lawsuit. On February 21, 2007, Visage Spa, LLC filed a motion for application of the "First to File" Rule and for an injunction preventing concurrent litigation in any other United States District Court. Defendant states that in the interest of judicial economy and comity, the present proceedings should be stayed pending the Michigan court's ruling on the issue.

Plaintiff opposes defendant's motion to stay these proceedings arguing that Salon Visage, Inc., is not a party in the Michigan case and a stay of this action would damage its rights as the owner of the infringed "Spa Visage" mark. Plaintiff states that the Michigan court dismissed plaintiff Salon Visage, Inc., from the Michigan case for lack of personal jurisdiction, finding that plaintiff is a separate and distinct legal entity from Spa Visage, LLC, who remains in the Michigan case. Plaintiff asserts its owns the "Spa Visage" marks at issue in the present case. As a nonexclusive licensee of the Spa Visage mark without the right to sue, the remaining defendant Visage Spa in the Michigan case cannot assert any counterclaims against Visage Spa in the case pending before the Michigan court. Thus, Spa Visage cannot adequately protect Salon Visage's interests or assert Salon Visage's rights as a matter of law. The Supreme Court has held "that a nonexclusive licensee obtains no title to the patent and suit for infringement must be brought only in the name of the owner of the patent." *Waterman v. Mackenzie,* 138 U.S. 252 (1891); *Life Time Doors, Inc., v. Walled Lake Door Co.,* 505 F.2d 1165 (6th Cir. 1974).

The "First To File" Rule may apply "if two actions involving the <u>same parties</u> and <u>identical issues</u> are pending in different districts. *See* 17 *Moore's Federal Practice,* § 111.13(1)(o). It is clear from the record that the Michigan case involves different parties. Spa Visage does not have standing in the Michigan court to sue Visage Spa for infringement of the "Spa Visage" mark.

It appears that the real parties in interest are before this court. Plaintiff Salon Visage, the purported owner of the mark "Spa Visage," asserted to be infringed in this case, is not a party in the Michigan case. A stay of this case would preclude plaintiff Salon Visage indefinitely from pursuing a case for protection of its marks against infringement by Visage Spa, LLC. Therefore, the court finds that plaintiff Salon Visage would be damaged by a stay of these proceedings. Moreover, defendant Visage Spa, LLC has not explained how it would face any inequity or hardship if this case proceeds. Accordingly, defendant's renewed motion to stay proceedings [Doc. 15] is **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge